United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20280
Summary Calendar

_____

REGINALD WAYNE GUILLORY,

                                        Plaintiff-Appellant,

versus

THE CITY OF HOUSTON; AARON SHUMANN; WARREN, Officer;
MAYO, Officer; CYNTHIA RENEE TURNER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-934
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Reginald Wayne Guillory, Texas prisoner # 797253, appeals

the dismissal of his 42 U.S.C. § 1983 complaint as time-barred.

Guillory argues that the district court erred in determining that

the factual predicate for his claims was discovered in late 1999

and, further, that the limitations period should be tolled

because the defendants fraudulently interfered with his ability

to file a state claim to recover his property.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the district court's dismissal <u>de novo</u>. See <u>Hughes v. The Tobacco Inst., Inc.</u>, 278 F.3d 417, 420 (5th Cir. 2001). The relevant limitations period for Guillory's civil rights action is two years. See <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2003). His cause of action accrued when he knew or had reason to know of the injury which formed the basis of his action. See <u>Pete v. Metcalfe</u>, 8 F.3d 214, 217 (5th Cir. 1993) (internal quotations and citation omitted).

We hold that the record supports the district court's finding that Guillory knew of the factual predicate for his claims in late 1999 and, therefore, that his 2002 complaint was filed beyond the two-year limitations period. We further hold that Guillory is not entitled to tolling of the limitations period, because under Texas's doctrine of fraudulent concealment, a defendant is no longer estopped from relying on the statute of limitations when the plaintiff discovers facts which would lead to the discovery of the concealed cause of action, which in Guillory's case was late 1999. See <u>Borderlon v. Peck</u>, 661 S.W.2d 907, 909 (Tex. 1983). Moreover, the record controverts Guillory's assertion that his ability to access the Texas court system was interfered with.

AFFIRMED.